**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DAVID M. LUST,**

                **Plaintiff,**

  **v.**　　　　　　　　　　　　　　　　　　**1:05-CV-613**
　　　　　　　　　　　　　　　　　　　　　　　**(GLS/RFT)**
**JOHN JOYCE and JAMES OLSEN,**

                **Defendants.**

---

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kouray, Kouray Law Firm　　　　　BRIAN D. MERCY, ESQ.
525 State Street
Schenectady, New York 12305

**FOR DEFENDANTS:**
Rehfuss, Liguori Law Firm　　　　　JOHN W. LIGUORI, ESQ.
40 British American Blvd.
Latham, New York 12110

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

By oral order issued on June 21, 2007, the court granted the defendants' motion for summary judgment with respect to claims brought against the City of Albany, the John Doe defendants, Louis Aiossa, and

Paul Kirwan, and denied the motion in all other respects. Pending is the defendants' motion for reconsideration, in which the remaining defendants argue that they are entitled to an order dismissing plaintiff David Lust's cause of action for false arrest. For the reasons that follow, the defendants' motion for reconsideration is denied.

## II. Standard of Review

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[1] A party moving for reconsideration must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must

---

[1]Northern District of New York Local Rule 7.1(g) provides,

> Motions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

2

satisfy stringent requirements." *C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'ship),* 182 B.R. 1, 2 (N.D.N.Y. 1995). Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

### III.  Discussion

Although the defendants' motion is titled a "Motion for Reconsideration/Reargument," nowhere in the motion do the defendants discuss the grounds upon which such a motion may be granted, nor do they identify the reasons why a motion for reconsideration should be granted in this case. Instead, the defendants launch directly into a

discussion of *Townes v. City of New York,* 176 F.3d 138 (2d Cir. 1999), a case which was cited to the court in the defendants' reply memorandum of law in support of their motion for summary judgment, and which was previously considered by the court. Thus, the defendants' motion "seeks solely to relitigate an issue already decided," and must therefore be denied. *Schrader,* 70 F.3d at 257.

Nevertheless, because the court's decision in this matter was delivered from the bench, the court will briefly explain why *Townes* does not mandate dismissal of Lust's false arrest claim. The discussion must begin with two unremarkable, yet crucial points. First, "[b]ecause probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir. 2004). Second, the existence of probable cause is evaluated in light of "the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). Thus, the ultimate question in this case is whether, at the time of Lust's arrest, the arresting officers had probable cause to arrest him.

The defendants argue that Lust's possession of a knife supplied

4

probable cause to arrest him.[2]  However, the defendants' argument overlooks–or at least discounts the significance of–the fact that Lust's arrest occurred prior to the discovery of the knife.  The question in this case is not whether the arresting officers had probable cause to arrest Lust once they discovered the knife; rather, the question is whether the officers had probable cause to arrest him before they had knowledge of the knife.  Disputed questions of fact preclude the court from resolving that issue. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996) ("The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers . . . or may require a trial if the facts are in dispute . . . .") (citations omitted).

      The defendants contend, in reliance on *Townes,* that it is irrelevant that Lust's arrest may have occurred before the officers had probable cause, because the subsequent discovery of the knife supplied the requisite probable cause, thereby "curing" the false arrest.  This argument is based upon a misapplication of *Townes.*  It is true, as the defendants

---

[2]For purposes of this discussion, the court assumes that this is correct.  Lust contends that his possession of a knife was insufficient to provide probable cause for the arrest.

suggest, that under the holding of *Townes,* an arrest is not rendered "false" solely because the evidence providing probable cause for such arrest was uncovered as a result of an illegal seizure and search. *See Townes,* 176 F.3d at 149 ("The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant."). However, *Townes* did not address whether a claim for false arrest may lie for that period of time, however limited, between the commencement of an arrest, and the subsequent discovery of evidence giving rise to probable cause for such arrest. Indeed, the Second Circuit expressly noted that the initial detention of Townes[3] was excluded from its analysis because Townes's counsel stated at oral argument that he was not seeking damages for that invasion. *Id.*

In recognition of the express limitation which the Second Circuit placed on its holding in *Townes,* at least one court has held that a claim for false arrest may be stated for that finite period of time in between an initial detention which was unsupported by probable cause, and the subsequent

---

[3]In *Townes,* much like the current case, an initial detention, unsupported by probable cause, led to the discovery of evidence supplying probable cause for an arrest. *See Townes,* 176 F.3d at 142.

6

discovery of evidence providing probable cause for an arrest.  *See Gonzalez v. City of Schenectady,* No. 00-cv-0824, 2001 WL 1217224, *5 (N.D.N.Y. Sept. 17, 2001) ("Plaintiff does assert cognizable false arrest claims for the period of time between initial contact with the police and the point where the marijuana was discovered.").[4]  The court agrees with the well-reasoned analysis in *Gonzalez.* The defendants' reliance on *Townes* is misplaced.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that defendants' motion for reconsideration is **DENIED**.

November 9, 2007
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge

---

[4] *Gonzalez* is arguably at odds with the outcome reached by the court in *Davenport v. County of Suffolk,* No. 99-cv-3088, 2007 WL 608125 (E.D.N.Y. Feb. 23, 2007), cited by defendants.  However, *Gonzalez* is the better-reasoned case.  In *Davenport,* the court held that the plaintiff's argument "that the arrest was the result of an unlawful stop and search . . . cannot revive his defective false arrest claim." *Davenport,* 2007 WL 608125, at *5.  The court relied, without analysis, upon the statement in *Townes* that "[t]he lack of probable cause to stop and search does not vitiate the probable cause to arrest, because . . . the fruit of the poisonous tree doctrine is not available to assist a §1983 claimant." *Id.* (quoting *Townes,* 176 F.3d at 149).  Like the defendants here, the court in *Davenport* read the quoted passage from *Townes* in isolation, and overlooked the fact that the Second Circuit never addressed whether a false arrest claim might be asserted for the period of time in between the initial detention and subsequent discovery of evidence.

7